IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA         :
                                 :
    v.                           : Criminal Case No. DKC 15-317-008
                                 :
JOSEPH MILES                     :
                                 :

**MEMORANDUM OPINION**

Joseph Miles is serving a 108-month sentence imposed in February 2017, for conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base. The offense conduct concluded in 2015. He filed, *pro se*, a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release), followed by supplements. (ECF Nos. 686, 688, 694). Counsel then filed an emergency motion (ECF Nos. 695, 697). The Government filed an opposition, (ECF No. 699), and Mr. Miles, through counsel, replied. (ECF No. 702).[1] For the following reasons, the motion for compassionate release will be DENIED.

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the

---

[1] The motions to seal (ECF Nos. 691, 696, 698, 701) are GRANTED. The personal medical information should remain private, except as recited herein.

Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id*. § 3582(c)(1)(A). Under the First Step Act of 2018, the compassionate release provision was modified to allow prisoners to seek a sentencing reduction directly from the court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Judge Hollander described the next step of the analysis as follows:

> Accordingly, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), a defendant must demonstrate that (1) "extraordinary and compelling reasons" warrant a reduction of the sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13.
>
> U.S.S.G. § 1B1.13 is titled "Reduction in Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A) Policy Statement." The text mirrors the statute. Application Note 1 of U.S.S.G. § 1B1.13 defines "Extraordinary and Compelling Reasons" in part as follows (emphasis added):
>
> 1. Extraordinary and Compelling Reasons. Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,

3

>    (II) suffering from a serious functional or cognitive impairment, or
>
>    (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Other extraordinary and compelling reasons include the age of the defendant (Application Note 1(B)) and Family Circumstances (Application Note 1(C)). Application Note 1(D) permits the court to reduce a sentence where, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 App. Note 1(D).

The BOP regulation appears at Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 2582 and 4205. The Guideline policy statement in U.S.S.G. § 1B1.13, along with the application notes, and BOP Program Statement 5050.50 define "extraordinary and compelling reasons" for compassionate release based on circumstances involving illness, declining health, age, exceptional family circumstances, as well as "other reasons."

On March 26, 2020, Attorney General William Barr issued a memorandum to Michael Carvajal, Director of the BOP, directing him to prioritize the use of home confinement for inmates at risk of complications from COVID-19. *See Hallinan v. Scarantino*, 20-HC-2088-FL, 2020 WL 3105094, at *8 (E.D.N.C. June 11, 2020). Then, on March 27, 2020, Congress passed the Coronavirus Aid, Relief, and

4

> Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281.  In relevant part, the CARES Act authorized the Director of BOP to extend the permissible length of home confinement to any inmate...." *Id.*
> The Department of Justice ("DOJ") has recognized the unique risks posed to inmates and BOP employees from COVID-19.  The DOJ recently adopted the position that an inmate who presents with one of the risk factors identified by the CDC should be considered as having an "extraordinary and compelling reason" warranting a sentence reduction.  *See also* U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I).

*United States v. Gary Kess, Jr.*, No. CR ELH-14-480, 2020 WL 3268093, at *3-4 (D. Md. June 17, 2020) (footnote omitted).

Mr. Miles argues that he meets the "extraordinary and compelling reasons" standard due to his age and "life-threatening medical conditions" during the COVID-19 pandemic.  He argues that analysis of the relevant sentencing factors supports release.

He recites that he is 67 years old, suffers from prostate cancer, diabetes, lung disease, and hypertension.  He is housed at FCI Cumberland and asserts that his risk of contracting COVID-19 is high given the crowded conditions and limited ability to take self-protective measures.  His underlying offense did not indicate a propensity for violence, he has a "flawless" disciplinary record, and has dedicated himself to self-improvement while incarcerated.  He currently will be eligible for release in just over two years and proposes to live with his sister if released early.

The Government opposes release, and argues that there are countervailing considerations, including the fact that some of the criminal conduct occurred both before and after his surgery for prostate cancer in 2015, that prison records show that his cancer is in remission, and that, while he has been diagnosed with diabetes and hypertension, he is apparently asymptomatic and has refused treatment. The Government also asserts that Mr. Miles continues to be a danger to the community and that his age does not mean that he is not likely to reoffend. Other factors it argues cut against relief include the BOP response to the COVID-19 outbreak and the fact that he initially received a lenient sentence due to medical concerns.

It is not necessary to repeat all of the decisions that have gone before this one. Suffice it to say that the presence of medical risk factors during the COVID-19 pandemic, particularly in someone of Mr. Miles' age, can constitute the basic qualification for consideration. And, while determining whether one will or will not be a danger to the community if released can be a stand-alone consideration, so too is it relevant to assessment under the § 3553(a) factors.

Section 3553(a) provides that "[t]he court shall impose a sentence that is sufficient, but not greater than necessary," to comply with the following purposes: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to

6

provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).  In making that determination, the court must also consider "the nature and circumstances of the offense and the history and characteristics of the defendant."

Mr. Miles entered into a plea agreement prescribing a sentence between 96 and 144 months, lower than the applicable career offender guideline range of 188 to 235 months.  His prior convictions placed him in criminal history VI without regard to the career offender calculation, even though some of his priors received no points due to their age.  In short, he has a long and significant criminal history.  The instant offense occurred approximately a year after he was paroled form state sentences for narcotics conspiracy.  His age and medical conditions were cited as among the reasons for a below guidelines sentence.  He was sentenced to 108 months, toward the bottom of the agreed range. While the presence of COVID-19 in our community and prisons justifies looking again at the sentence Mr. Miles is serving, it does not automatically require a reduction.  The statistics concerning positive cases in Cumberland remain as they were when counsel filed the pending motion, nearly a month ago, with no

7

current active cases.  The same cannot be said for the community at large.  Early release, of course, does not guarantee no exposure to the virus.  Mr. Miles' track record reveals that he is not particularly deterred by serving prison sentences, and resumes criminal activity even while under supervision.  The initial sentence properly balanced the relevant factors and will remain undisturbed.

The motion will be DENIED.

                                    /s/
                            DEBORAH K. CHASANOW
                            United States District Judge